# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RAMAR D. BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 20-cv-00326-BCW |

## AMENDED MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255

Petitioner Ramar D. Brown, through undersigned counsel, hereby files an amended motion, pursuant to 28 U.S.C. § 2255, to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *United States v. Davis,* 139 S.Ct. 2319 (2019).

In 2007, Mr. Brown was convicted of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) in Count 25 of the Indictment. Specifically, the count alleged that the underlying "crime of violence" for the § 924(c) charge was carjacking in Count 24, in violation of 18 U.S.C § 2119. However, post-*Davis,* carjacking categorically fails to qualify as a "crime of violence." Therefore, Mr. Brown is now innocent of the § 924(c) offense, and/or his conviction is void.

Section 924(c)(3), defines "crime of violence" in two sections. The first clause – § 924(c)(3)(A) – is the force clause. The other – § 924(c)(3)(B) – is the residual clause. Because carjacking categorically fails to qualify as a "crime of violence" under either clause after *Davis*, Mr. Brown is entitled to relief.

### I. Mr. Brown is entitled to relief.

*Davis* held that the residual clause of § 924(c)(3)(B) is unconstitutional. 139 S.Ct. at 2336. The Supreme Court's ruling in *Davis* is retroactive, and the government has not maintained to the contrary in other § 2255s pending in the Western District of Missouri. *See, for example, Curlie Pruitt v. United States*, Civil No. 19-00740-CV-W-RK, DCD 7, pg. 2 (conceding that Pruitt's § 2255 should be granted based on *Davis*). Because Mr. Brown has filed his motion within one year of the *Davis* ruling, it is therefore timely under § 2255(f)(3).

Furthermore, it goes without saying that carjacking is no longer a crime of violence under the now void residual clause. *See McCoy v. United States*, No. 16-3953, 2020 WL 2630856, at *1 (8th Cir. May 26, 2020) (concluding that after *Davis*, "the remaining question is whether McCoy's conviction for voluntary manslaughter qualifies as a 'crime of violence' under a different subsection of § 924(c), namely, the "force" clause of § 924(c)(3)(A)").

Likewise, carjacking categorically fails to qualify as a "crime of violence" under the remaining force clause (§ 924(c)(3)(A)) because it does not have as an element the use, attempted use, or threatened use of violent physical force. Therefore, his conviction in Count 25 cannot be constitutionally sustained under § 924(c).

"To determine whether an underlying offense has as an element the 'use ... of physical force' against the person of another, we apply a categorical approach that compares the elements of the offense of conviction with the requirements of the 'force'

clause." *McCoy*, 2020 WL 2630856, at *1. Notably, the force clause analysis in the context of § 924(c) is not distinguishable from the force clause analysis under the Armed Career Criminal Act. *Id*.

To obtain a conviction under 18 U.S.C. § 2119, the government must prove three basic elements: (1) the defendant took or attempted to take a motor vehicle . . . by force and violence or <u>by intimidation</u>; (2) the defendant acted with the intent to cause death or serious bodily harm; and (3) the motor vehicle [traveled interstate]." *United States v. Casteel*, 663 F.3d 1013, 1019 (8th Cir. 2011) (emphasis added). But this intimidation element does not require the element of violent force.

Model jury instructions and relevant case law should guide this Court's inquiry in outlining the elements of an offense. *See United States v. Naylor*, 887 F.3d 397, 401 (8th Cir. 2017 (*en banc* opinion). Eighth Circuit Model Jury Instruction 6.18.2119A governs as it pertains to a carjacking when there is "no serious bodily injury or death." In defining the term "intimidation", the Committee Comments in 6.18.2119A states that further guidance may be obtained by turning to the definition of "intimidation" in the federal bank robbery statute, 18 U.S.C. § 2113. The Committee Comments *itself* in 6.18.2119A also defines "intimidation" "as conduct reasonably calculated to put another in fear." *Id*. at Committee Comments. And critically, the intimidation element of § 2113, as defined in the Committee Comments in 6.18.2119A, can be satisfied without any threat of *violent physical* force because "intimidation" in the carjacking context is merely conduct

3

"reasonably calculated to put another in fear." *Id.* (citing to *United States v. Smith*, 973 F.2d 603, 604 (8th Cir. 1992) (quoting same definition of "intimidation").

In defining the term "intimidation", noticeably absent from Instruction 6.18.2119A and *Smith* is a fear of *bodily harm* requirement. *Id.* If one turns to the related bank robbery instruction of 18 U.S.C. § 2113, "bodily harm" may be found in the definition of intimidation in the Committee Comments in 6.18.2113A. However, the Committee Comments in 6.18.2119A (the relevant carjacking instruction) define "intimidation" differently than in 6.18.2113A. Thus, the Committee Comments in 6.18.2119A, and *Smith*, highlight a "realistic probability, not a theoretical possibility" that in the Eighth Circuit "fear" *alone* is sufficient for a carjacking conviction. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). Based on this simplistic definition of "fear" in the carjacking context, any fear is sufficient to satisfy this element, even fear that does not involve a threat of violent force.

Specifically, "the intimidation element of section 2113(a) is satisfied if the victim could *infer* a threat of bodily harm from the [defendant's] acts, whether or not the [defendant] actually intended the intimidation." *United States v. Yockel*, 320 F.3d 818, 824 (8th Cir. 2003) (emphasis added). The unintentional act of placing another in fear of bodily harm does not qualify as a "crime of violence" under the force clause of § 924(c)(3)(A), because it does not require the use or threatened use of "*violent* force."

In *Yockel*, the Eighth Circuit affirmed the defendant's conviction for bank robbery even though at trial, it was not disputed that the defendant "did not, at any time, make any

4

sort of physical movement toward the teller and never presented her with a note demanding money [and] never displayed a weapon of any sort, never claimed to have a weapon, and by all accounts, did not appear to possess a weapon." 320 F.3d at 821. To find the element of intimidation, the Eighth Circuit relied, in part, on the defendant's *appearance* when requesting money because the defendant "appeared dirty and had unkempt hair, and eyes that were blackened, as if he had been beaten." 320 F.3d at 824. But it is respectfully submitted that one's appearance, while perhaps relevant to determine whether the government met the statute's standard of "intimidation", cannot satisfy the force clause.

The same is true of the defendant's statement to the teller in *Yockel* that "[i]f you want to go to heaven, you'll give me the money", which is not a *communicated* threat of *force*. Critically, in *Yockel*, the panel concluded, "whether or not Yockel intended to intimidate the teller is irrelevant in determining his guilt" pursuant to § 2113(a). However, this is problematic when applying this conviction to the force clause because in that unique context a "threat is a '*communicated* intent to inflict harm or loss on another,' *Threat, Black's Law Dictionary* 1708 (10th ed.2014), and the victim's mental state does not determine whether a threat has been made." *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (emphasis added).

There are other examples where a bank robber was found to have satisfied the "intimidation" element, without a threat of violent force. Wearing a "fanny pack" was found threatening in *Smith*, based on a teller's mere speculation that it "may contain a

5

weapon." 973 F.2d at 604. To find "intimidation" that caused merely "fear", *Smith* also relied on the fact that defendant stated he wanted to make a "withdrawal", acted "real fidgety", and at one point put his elbows up on the window and leaned very close to the teller. *Id.* at 603-04.

Make no mistake about it, the Eighth Circuit has recently rejected this force clause argument in the context of carjacking, § 2119. *See Taylor v. United States*, 773 F. App'x 346, 347 (8th Cir. 2019), *cert. denied*, 140 S.Ct. 516 (2019) (rejecting Taylor's argument that "carjacking is not a crime of violence under the force clause because the carjacking statute permits a conviction by intimidation, which he argues does not require the use of violent physical force."). But the Supreme Court may be on the verge of reviewing an issue that squarely calls into doubt this case law, if it grants a "relisted" petition for certiorari that challenges the indistinguishable issue in the context of bank robbery, 18 U.S.C. § 2113. *See Rogers v. United States*, 19-7320 (petition for certiorari filed on January 14, 2020). The petitioner in *Rogers* argues that bank robbery does not satisfy the force clause, because bank robbery may be committed by unintentionally intimidating a victim or by presenting a teller with a demand note. *Id; see also* https://www.scotusblog.com/2020/06/sequel-watch/#more-294283.

*Taylor*, and other cases like it from the Eighth Circuit, were wrongly decided. They should -- and could -- be overruled by the Supreme Court in the foreseeable future.

## II. Conclusion

As a result of the above, Mr. Brown's § 924(c) conviction 1) violates due process, 2) violates the laws of the United States and results in a fundamental miscarriage of justice, and 3) was entered in excess of this Court's jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. § 2255(a). Mr. Brown respectfully requests that this Court grant his § 2255 motion, and vacate his § 924(c) conviction.

Respectfully submitted,

/s/ Dan Goldberg
Dan Goldberg
Assistant Federal Public Defender
1000 Walnut, Suite 600
Kansas City, Missouri 64106
(816) 471-8282

## CERTIFICATE OF SERVICE

It is CERTIFIED that the foregoing was electronically filed on this 18th day of June, 2020, and that a copy was e-mailed to all parties pursuant to the ECF system.

/s/ Dan Goldberg
Dan Goldberg