IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RAMAR D. BROWN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 20-00326-CV-W-BCW-P
Crim. No. 06-00175-02-CR-W-BCW

## REPLY TO GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255

COMES Movant, RAMAR D. BROWN, ("Brown"), appearing *pro se*, and files his Reply to Government's Suggestions in Opposition to Movant's Motion under 28 U. S. C. § 2255 ("GR") [CvDoc. 14] as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Brown respectfully requests that the Court be mindful that "a *pro se* complaint should be given liberal construction, we mean that if the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." See *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015); *Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same). Brown also adopts by reference and in whole his previously filed § 2255 and Memorandum of Law in Support [CvDoc. 1].

## REPLY TO GOVERNMENT'S OPPOSITION

The GR is divided into four (4) main sections: (I) Summary; (II) Procedural History; (III) Argument and Authorities; and (IV) Conclusion. Brown will reply sequentially to each main section:

## I. Summary

This section of the GR summarizes the case and the ground presented for review by Brown in his § 2255 Motion. See CvDoc. 14 at pp.1-2. The GR also contends that Brown's motion should be dismissed. For the reasons stated below, Brown objects and states that his motion should be granted.

## II. Procedural History

This section of the GR merely gives a fair and accurate description of the procedural history in this case. See CvDoc. 14 at pp. 2-3.

## III. Argument and Authorities

This main section of the GR is also divided into three subsections: (A) The Government Does Not Dispute the Retroactivity of Davis; (B) Carjacking Remains a "Crime of Violence" Under the Force Clause; and (C) An Evidentiary Hearing Is Not Required To Resolve the Claim, and this Court Should Deny A Certificate of Appealability.

### A. The Government Does Not Dispute the Retroactivity of Davis

Brown does not take exception or object to this subsection because he concurs that *Davis* is retroactive.

### B. Carjacking Remains a "Crime of Violence" Under the Force Clause

The GR claims that above statement in support of its opposition. However, the Count in question is Count 25 ((Brandishing a Firearm During and in Relation to a Crime of Violence) of the Indictment to which Brown pled guilty. Count 25 called for a sentence of 84 months, which was run consecutive to Brown's 216 month sentence. However, the brandishing offense in Count 25 is also detailed in Paragraph 13 of Count 1 of the Indictment. Therefore, it is essential to note that it is not

2

clear which conviction served as the basis for that offense: carjacking or conspiracy to commit carjacking. Conspiracy to commit carjacking does not qualify as a crime of violence, whereas carjacking does qualify. Therefore, it is ambiguous as to which offense applies to Count 25. Accordingly, Brown respectfully requests that the Court use the "rule of lenity" in this case and decide this case in Brown's favor. See *King v. United States*, 595 F.3d 844 (8th Cir. 2010).

C. <u>An Evidentiary Hearing Is Not Required To Resolve the Claim, and this Court Should Deny A Certificate of Appealability.</u>

Because there are facts in dispute between the parties, an evidentiary hearing is necessary to resolve these facts and expand the record. This would aid the Court in the decisional process.

## IV. Conclusion

The GR concludes by requesting that Brown's § 2255 Motion be denied. See CvDoc. 14 at p. 8. Brown objects and states that for the above and foregoing reasons, the Court should grant this motion and dismiss Count 25 (the alleged violation of 18 U.S.C. 924(c)) of the Indictment).

Respectfully submitted,

Dated: November 17, 2020.

RAMAR D. BROWN
REG. NO. 19116-045
FCI SCHUYLKILL
FEDERAL CORR. INSTITUTION
P.O. BOX 759
MINERSVILLE, PA 17954
Appearing *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, I sent via U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing Reply to Government's Suggestions in Opposition to Movant's Motion under 28 U. S. C. § 2255 to Matthew P. Wolesky, Assistant United States Attorney at 400 East 9th Street, Room 5510, Kansas City, Missouri 64106.

RAMAR D. BROWN



PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PM 2-Day
HOUSTON, TX
77070
NOV 17, 20
AMOUNT
$7.75
R2303S101806-03
64106

RAMAR D. BROWN
Reg. No. 19116-045
FCI SCHUYLKILL
FEDERAL CORR. INSTITUTION
P.O. BOX 759
MINERSVILLE, PA 17954

TO:
Clerk, U. S. District Court
Western District of Missouri
Kansas City - Western Division
400 East Ninth Street
Kansas City, MO 64106

RECEIVED
2020 NOV 19 PM 12: 50
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO



UNITED STATES
POSTAL SERVICE®

PRIORITY MAIL®

expected delivery date specified for domestic use.
Most domestic shipments include up to $50 of insurance (restrictions apply).*
USPS Tracking® included for domestic and many international destinations.
Limited international insurance.**
When used internationally, a customs declaration form is required.
Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

EXPECTED DELIVERY DAY: 11/20/20

USPS TRACKING® NUMBER

9505 5104 4803 0322 3237 02

USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2

PS00001000014

Case 4:20-cv-00326-BCW   Document 16   Filed 11/19/20   Page 5 of 5